IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT R. OLIVER,<br><br>     **Plaintiff,**<br><br>     v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>     **Defendant.** | Case No. 17-1071-JAR |

## MEMORANDUM AND ORDER

Plaintiff Robert R. Oliver seeks review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under the Social Security Act.[1] Plaintiff alleges error with regard to the Administrative Law Judge's ("ALJ") residual functional capacity assessment. Finding no error, the Court affirms the Commissioner's decision.

### I.  Factual and Procedural Background

Plaintiff applied for supplemental security income on January 31, 2013, alleging an onset date of January 31, 2013, due to depression, anti-social behavior, anxiety, low back arthritis, and problems with both feet.[2] The Commissioner denied Plaintiff's application upon initial review and upon consideration. Plaintiff timely requested a hearing before an ALJ. He appeared and testified at a hearing before ALJ Robert Burbank on August 13, 2015.

---

[1] 42 U.S.C. §§ 401–434.

[2] R. at 236.

The ALJ issued an unfavorable decision against Plaintiff on January 25, 2016. He concluded that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and Plaintiff timely filed an appeal with this Court pursuant to 42 U.S.C. § 405(g).

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the ALJ's decision is supported by substantial evidence in the record as a whole and whether the ALJ applied the correct legal standards.[3] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] In the course of its review, the Court may not re-weigh the evidence or substitute its judgment for that of the agency.[5]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[6] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[7] The Commissioner has established a five-step sequential evaluation process to determine whether a

---

[3] 42 U.S.C. § 405(g).

[4] *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[5] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[6] 42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[7] *Id*. § 423(d)(2)(A); § 1382c(a)(3)(B).

claimant is disabled.[8] If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[9]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. He determined at step two that Plaintiff has the following severe impairments: anti-social personality disorder, depressive disorder, and polysubstance abuse.[10] He determined at step three that Plaintiff's mental impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. Continuing, he determined that Plaintiff has the residual function capacity ("RFC") to perform a full range of work at all exertional levels, except:

> [Plaintiff] is limited to jobs that involve understanding, remembering, and carrying out instructions of intermediate complexity, consistent with semi-skilled work. Additionally, [Plaintiff] is limited to jobs that involve no more than occasional interpersonal contact with the general public or co-workers.[11]

He determined at step four that Plaintiff had no past relevant work. At step five, the ALJ concluded that Plaintiff was not disabled because considering his age, education, work experience, and RFC, he was capable of making a successful adjustment to jobs that exists in significant numbers in the national economy. Specifically, Plaintiff would be able to perform the requirements of representative jobs such as tumbler operator, laundry worker, bagger, bottling line attendant, bonder, or final assembler.

---

[8] *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993).

[9] *Id*.

[10] R. at 13. Plaintiff does not challenge the ALJ's determination that "[t]he claimant does not have any medically determinable and diagnosed physical impairments, alone or in combination, imposing significant, long-term physical functional limitations with his capacity to perform basic work-related activities." R. at 14.

[11] R. at 16.

3

**IV.    Analysis**

Stanley I. Mintz, Ph. D., a state agency psychological consultant, performed a psychological consultative examination of Plaintiff on September 16, 2015. Plaintiff reported a history of alcohol, marijuana, crack cocaine, and methamphetamine abuse. He also reported a history of incarceration for robbery, breaking and entering, larceny, and destruction of property. He has spent almost half of his life (about twenty-two years) incarcerated. Plaintiff told Dr. Mintz, "I can't work. I can't get along with a lot of people."[12]

Dr. Mintz summarized Plaintiff's condition and recommended as follows:

Robert Oliver exhibits a history of mental illness symptoms, particularly personality disorder symptoms. He appears capable of doing simple manual jobs for a full 40 hour work week in my opinion. He appears able to understand simple and intermediate job instructions. He appears capable of doing unskilled and semi-skilled work tasks. He appears capable of being able to concentrate and persist in terms of simple work tasks in a normal work day. He appears capable of interacting in a limited capacity in terms of co-workers and supervisors and he would have difficulty interacting well with the public in my opinion. He would do best and adapt best in terms of simple job environment. He does not appear capable of handling his own funds due to his history and his continued use of alcohol and drugs.

Mr. Oliver exhibits psychologic impairment. If he were back within the full range of mental health treatment, I would view him as being capable of minimal improvement in the foreseeable future due to the fact that his most significant symptoms related to an ingrained personality disorder and an antisocial lifestyle. He continues using drugs and alcohol. In my opinion, his capacity for working would be at least moderately increased from that of the present time if he were fully abstinent in terms of alcohol and drugs.

The claimant's symptoms appear consistent with my observations of him. He appeared reasonably cooperative with the examination. His allegations were reasonably well stated and I do not have reason to question the veracity of his presentation.[13]

---

[12] R. at 1071.

[13] R. at 1073–74.

4

On Form HA-1152-U3, Dr. Mintz rated Plaintiff as having "mild" impairments with respect to simple work, "moderate" and "marked" impairments with respect to complex work, "moderate" limitations in interacting with the public, supervisor(s), and co-workers, and "moderate" limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting.[14]

The ALJ extended significant weight to Dr. Mintz's opinion that "Plaintiff had the capacity to perform non-complex, detailed (semi-skilled) work with limited social interactions."[15] The ALJ concluded Plaintiff had the following mental RFC:

> The objective medical evidence of record supports a finding that the claimant has impairments that impose symptoms and limitations that mentally preclude the claimant from performing more than non-complex, semi-skilled work activity with limited interaction with the public or coworkers. Weighing all relevant factors, the undersigned concludes that the claimant's subjective complaints do not warrant any further limitation. The undersigned cannot find the allegation that the claimant is incapable of all substantial gainful work activity credible because of significant inconsistencies in the record as a whole.[16]

The ALJ asked the vocational expert ("VE") to "assume . . . the claimant is limited to jobs that involve understanding, remembering, and carrying out instructions of intermediate complexity, consistent with semi-skilled work. Additionally, the claimant is limited to jobs that involve no more than occasional interpersonal contact with the general public or co-workers."[17] The VE identified two jobs from each exertional level that Plaintiff could perform: tumbler operation and laundry worker for medium work; bagger and bottling line attendant for light work; and bonder/semi-conduct and final assembler for sedentary work.[18]

---

[14] R. at 1076–77.

[15] R. at 20.

[16] R. at 21.

[17] R. at 366.

[18] *Id*.

5

Plaintiff argues the ALJ did not assess an RFC that encapsulates Dr. Mintz's opinion because he omitted Dr. Mintz's limitations regarding supervisor contact and work adaptability. Defendant counters the ALJ did not omit the supervisor limitation because the term "co-workers" could include "supervisors." Even if that was not the case, Defendant argues any error was harmless because: 1) the jobs identified by the VE require the same amount of interaction with supervisors as with coworkers, and 2) Plaintiff failed to raise this particular issue with the VE. As to adaptability, Defendant argues the ALJ accounted for this limitation by limiting Plaintiff to unskilled work.

"Residual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations."[19] Under SSR 96–8p, an RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."[20] The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record.[21] The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."[22] However, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."[23]

---

[19] *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001) (citing 20 C.F.R. § 416.945(a),(b),(c)).

[20] SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996).

[21] *Id*.

[22] *Id*.

[23] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

6

The Court finds the "co-workers-include-supervisors" argument a prohibited post hoc rationalization.[24] Thus, the Court declines to make that assumption. Nevertheless, the Court finds the ALJ's omission of the supervisor limitation harmless because the jobs the VE identified require the same amount of interaction with supervisors as with co-workers. An ALJ's error is harmless "where, based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative fact finder, following the correct analysis could have resolved the factual matter in any other way."[25] This Circuit requires courts to exercise common sense and not insist on technical perfection.[26]

In *Lane v. Colvin*,[27] the Tenth Circuit held that any error made by the ALJ in failing to include claimant's limitation on frequent and prolonged contact with supervisors and co-workers in his RFC determination was harmless where the jobs identified by the VE did not involve frequent or prolonged contact with supervisors or co-workers.[28] As in *Lane*, all of the jobs identified by the VE in this case are ones where taking instruction or helping is "Not Significant" and the activity of talking is "Not Present."[29] Because these jobs do not involve frequent or prolonged interaction with supervisors, there is no actual conflict between the supervisor

---

[24] *See Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir.1985) (stating a court may not affirm a decision on the basis of appellate counsel's post hoc rationalizations for agency action); *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (stating a district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.).

[25] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[26] *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

[27] 643 F. App'x 766 (10th Cir. 2016).

[28] *Id*. at 769–70.

[29] Dictionary of Occupational Titles (DOT) (4th rev. ed. 1991) 369.685-034 (Tumbler Operator), 1991 WL 673068; DOT 920.687-042 (Laundry Worker I), 1991 WL 687971; DOT 920.687-018 (Bagger), 1991 WL 687965; DOT 920.687-042 (Bottling Line Attendant), 1991 WL 687971; DOT 726.685-066 (Bonder, Semiconductor), 1991 WL 679631; and DOT 731.687-018 (Final Assembler), 1991 WL 679815.

limitation and the jobs identified by the VE.  The Court thus concludes the ALJ's omission of the supervisor limitation was harmless error.[30]

As for the omission of the adaptation limitation, Plaintiff's arguments are unpersuasive. First, the Court rejects Plaintiff's argument that this case closely resembles *James v. Colvin*[31] and warrants the same treatment.  In *James*, the consultant's opinion limited plaintiff to "simple tasks," but the ALJ determined plaintiff could do "simple to intermediate tasks."[32]  The *James* court remanded the matter for failure to comply with SSR 98-6 because the ALJ did not explain why he failed to adopt that portion of the consultant's opinion or address why he concluded that plaintiff could perform intermediate tasks, despite according significant weight to the consultant's opinion.[33]  Here, Dr. Mintz opined that "Plaintiff appears capable of doing unskilled and semi-skilled work tasks"[34] and the ALJ said Plaintiff had the capacity to perform semi-skilled work.  This case is thus factually distinguishable from *James*.

The Court also rejects Plaintiff's argument that a moderate limitation in adaptation means he is unable to perform unskilled work because even that type of work requires an individual to have the capacity to interact appropriately with supervisors, respond to usual work situations, and adapt to changes in a routine work setting.[35]  Plaintiff contends the VE's testimony that there would be a 100% reduction of the job base if an individual has an occasional inability to adapt

---

[30] *See Bryant v. Berryhill*, No. CIV-15-1151-HE, 2017 WL 401263, at *4 (W.D. Okla. Jan. 30, 2017) (holding error by ALJ in rejecting or not explaining his weighing of medical opinions was harmless because there was no inconsistency between the limitations outlined in the PRFC and Plaintiff being able to perform the job identified by the ALJ).

[31] Case No. 13-1387-JWL, 2014 WL 6610308 (D. Kan. Nov. 20, 2014).

[32] *Id*. at *4.

[33] *Id*. at *5.

[34] R. at 1073.

[35] Doc. 13 at 12.

8

proves his point. The Court disagrees. First, Dr. Mintz opined that Plaintiff had a moderate limitation in adaptation. He did not say that Plaintiff was occasionally unable to handle the normal stress and routine changes in an unskilled work environment. Plaintiff's question to the VE ("[what] if an individual occasionally would not be able to handle the normal stress and routine changes in an unskilled work environment?") was thus inconsistent with Dr. Mintz's opinion. Indeed, Dr. Mintz's Form HA-1152-U3 defined a moderate limitation as "more than a slight limitation but the person is still able to function satisfactorily."[36] This means that Dr. Mintz opined that although limited, Plaintiff was able to function satisfactorily in responding to usual work pressures and changes.

Second, Plaintiff's reliance upon the Dictionary of Occupational Titles' ("DOT") definition of occasionally is misplaced. Plaintiff conflates the limitations rating with the frequency definitions of physical demands. Although the DOT defines "occasionally" as an activity or condition existing up to one-third of the time, that definition generally relates to the physical demands of a job.[37] The title of Appendix C is Physical Demands and the introductory paragraph explains this appendix describes the physical activities that an occupation requires of a worker.

Third, even though the ALJ equated moderate with occasional in regard to limiting interpersonal contact at work, this does not mandate applying the same logic to the adaptation limitation. These skills are different. Moreover, as discussed above, doing so with the adaptation limitation would essentially change Dr. Mintz's opinion to Plaintiff having a "marked" or "extreme" limitation with adaptation.

---

[36] R. at 1081.

[37] Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (U.S. Dept. of Labor, 1993 at C-3).

Finally, in *Lee v. Colvin*[38] and *Smith v. Colvin*,[39] the Tenth Circuit held that the ALJ could account for moderate limitations in nine mental RFC categories, including responding appropriately to changes in the workplace, by limiting plaintiff to simple, repetitive, and routine tasks and by limiting their interaction with others.[40]  In those cases, the ALJ did not repeat the moderate limitations assessed by the doctor.  But the ALJs did incorporate the limitations by restricting the claimant to certain work and interaction.  The Court finds the ALJ applied the same acceptable approach in this case.

## V.  Conclusion

The ALJ's omission of the supervisor limitation was harmless error.  The ALJ accounted for the adaptation limitation by restricting Plaintiff to semi-skilled work.  Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is AFFIRMED.

**IT IS SO ORDERED.**

Dated: November 21, 2017

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[38] 631 F. App'x. 538 (10th Cir. 2015).

[39] 821 F.3d 1264 (10th Cir. 2016).

[40] *Id.* at 1268–69.  *See also Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he [administrative law judge] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [assessment of residual functional capacity] by limiting [the claimant] to unskilled work.").